IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

RAYMOND H. GIESSE : CASE NO. 1:04CV2536
:
          Plaintiff :
:
vs. :
SECRETARY OF THE DEPARTMENT :
OF HEALTH AND HUMAN SERVICES, :
et al., :
: ORDER VACATING ENTRY OF
          Defendants. : DEFAULT

UNITED STATES DISTRICT JUDGE LESLEY WELLS

      On January 14, 2005, Raymond Giesse ("Mr. Giesse") filed the above-captioned case against the Secretary of the Department of Health and Human Services, the Medicare Appeals Council, Kaiser Permanente Health Plan of Ohio, Maximus Center for Health Dispute Resolution, Jeannie Christensen, and Ammaji Narra, M.D. raising procedural and substantive due process, federal constitutional tort, breach of contract, fraud, medical malpractice, and intentional and reckless infliction of emotional distress claims. (Docket No. 4.)

      On January 17, 2005, a Notice Letter and wavier of summons was allegedly sent to Jeannie Christensen via certified mail. On June 29, 2005, a summons was issued. On July 12, 2005, she was allegedly personally served. (Docket No. 28.) On July 18, 2005, a return of service was executed. Id.

      On March 07, 2006, Mr. Giesse filed a motion for default judgment against Christensen, who had not yet filed an answer or otherwise appeared before the Court.

(Docket No. 46.)  On March 31, 2006, default was entered by the Clerk of Court. (Docket No. 48.)

On May 05, 2006, Mr. Giesse filed a motion to shift fees and costs of service of process to Christensen.  (Docket No. 50.)  On May 12, 2006, Christensen filed an unopposed motion for leave to file an answer to the amended complaint instanter and a brief in opposition to the motion to shift fees and costs.  (Docket Nos. 52, 53.)  Finally, on May 18, 2006, Christensen filed an unopposed motion to vacate the entry of default. (Docket No. 54.)

For the following reasons, the motion to shift fees and costs (Docket No. 50) is denied; the motions for leave to file an answer and to vacate the entry of default (Docket Nos. 52, 54) are granted; and the entry of default (Docket No. 48) is hereby vacated.

## FACTUAL BACKGROUND

Raymond Giesse is a 70-year old stroke victim and a resident of Cuyahoga County, Ohio.  (Docket No. 4 "Compl." at ¶4.)  He is a current enrollee under Medicare Parts A, B, and C with a Kaiser Medicare + Choice ("M+C") Plan and was formerly under the care of a skilled Kaiser nursing facility during the period of July 16, 2003 to August 01, 2003.  Id.

Defendants include the Secretary of the Department of Health and Human Services, the Medicare Appeals Council, Kaiser Permanente Health Plan of Ohio, Maximus Center for Health Dispute Resolution, and Ammaji Narra, M.D.  Id. at ¶¶5-8, 10. Defendant Jeannie Christensen ("Ms. Christensen") was the Director of the Aristocrat Berea Nursing Facility ("Aristocrat") where Mr. Giesse was cared for during

the relevant period. Id. at ¶9.

On January 17, 2005, Mr. Giesse alleges that he sent Ms. Christensen a letter via certified mail notifying her of the present lawsuit and requesting that she waive service. Ms. Christensen maintains that she never received the notice and thus, did not sign or return the waiver. On July 12, 2005, Mr. Giesse alleges that Ms. Christensen was personally served. On July 18, 2005, return of service was executed. Ms. Christensen maintains that because of a defect in service, she never received notice of the instant matter.

On March 07, 2006, Mr. Giesse filed a motion for default judgement against Christensen because she had not yet filed an answer to the amended complaint or otherwise appeared before the Court. On March 31, 2006, default was entered by the Clerk of Court. On May 05, 2006, Giesse filed a motion to shift fees and costs of service of process to Ms. Christensen.

Having now filed a motion for leave to file an answer and a motion to vacate the entry of default, Ms. Christensen maintains that because service of process was improper, the Court lacked jurisdiction to enter a default judgment against her.

**LAW AND ANALYSIS**

"For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Fed. R. Civ. P. 55(c). District courts enjoy "considerable latitude" to determine if good cause has been shown to set aside an entry of default entered by the Clerk at the plaintiff's request. See Waiferson, Ltd., Inc. v. Classic Music Vending, et al., 976 F.2d

290, 292 (6th Cir. 1992).  To determine whether an entry of default should be vacated, the Sixth Circuit requires district courts to consider: (1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced.  Id. at 292.

"Due process requires proper service of process in order to obtain in personam jurisdiction."  Amen v. Dearborn, 532 F.2d 554, 557 (6th Cir. 1976).  Without such jurisdiction, a court may not adjudicate a party's right nor enter orders affecting the defendant, even if subject matter jurisdiction exists.  Friedman v. Estate of Presser, 929 f.2d 1151, 1156 (6th Cir. 1991).  Thus, without proper service of process, an entry of default must be set aside.  O.J. Distrib., Inc. v. Hornell Brewing Co., 340 F.3d 345, 353 (6th Cir. 2003).

On January 17, 2005, Mr. Giesse alleges that he sent Ms. Christensen a Notice Letter and a Waiver of Summons.  However, Ms. Christensen never acknowledged receipt, requiring Mr. Giesse to personally serve her.  See id. at 354.  Mr. Giesse alleges that he did so on July 08, 2005, as executed on July 12, 2005.  (Docket No. 28.)  However, given that the return of service (1) was allegedly executed at Ms. Christensen's former place of employment, (2) spelled her name wrong, (3) failed to identify the person served, and (4) did not bear the signature of the person who accepted service, the Court concludes that Ms. Christensen has established strong and convincing evidence to overcome a presumption of valid service.  See O'Brien v. O'Brien & Assoc., 998 F.2d 1394 (7th Cir. 1993); Hicklin v. Edwards, 226 F.2d 410, 414

(8th Cir. 1955).[1]

Because service of process was improper, the Court is required to set aside the entry of default.  O.J. Distrib., 340 F.3d at 353.  Nonetheless, in evaluating the remaining factors for vacating an entry of default, the Court also notes that (1) Ms. Christensen has not engaged in any culpable conduct, (2) there is no evidence that Mr. Giesse will be prejudiced by vacating the entry of default given that this case is still in the early stages of litigation and discovery has not yet taken place, and (3) Ms. Christensen has a colorable defense that the claims against her are barred by the statute of limitations and/or preempted under the Medicare Act.  Thus, the Court concludes that she has established sufficient cause to vacate the entry of default. Waiferson, 976 F.2d at 292.

For similar reasons, the Court concludes that Ms. Christensen has established excusable neglect for failing to file an answer to the amended complaint.  Thus, the Court grants the motion to file an answer.  See Fed. R. Civ. P. 6(b)(2) (allowing district courts to permit a late filing where the failure to act was the result of excusable neglect).

Finally, the Court concludes that Ms. Christensen has established good cause for failing to comply with the request for waiver of summons.  See Fed. R. Civ. P. 4(d) (ordering a district court to impose the cost of service upon the defendant unless good cause for the failure to comply with a request for waiver is shown).  Indeed, "[t]here are inherently greater risks involved in attempting certified mail service at a business rather than at a residence by virtue of the oftentimes numerous intermediate, and frequently

---

[1] Even if service was perfected, it was almost a month beyond the 120-day time limit for service of process.  See Fed. R. Civ. P. 4(m).

uninterested, parties participating in the chain of delivery." Regional Airport Auth. v. Swinehart, 62 Ohio St.2d 403, 406 (1980).  Here, by mailing a notice and waiver to Ms. Christensen's place of employment, Mr. Giesse assumed the risk that she might not receive it.  Because she never did, she has established good cause for failing to comply with it and Mr. Giesse's motion for costs is denied.

## CONCLUSION

For the foregoing reasons, the motion to shift fees and costs (Docket No. 50) is denied; the motions for leave to file an answer and to vacate the entry of default (Docket Nos. 52, 54) are is granted; and the entry of default (Docket No. 48) is hereby vacated.

IT IS SO ORDERED.

    /s/Lesley Wells  
UNITED STATES DISTRICT JUDGE

Dated: 27 September 2006