IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RAYMOND H. GIESSE | : | CASE NO.  1:04CV2536 |
| Plaintiff, | : | |
| vs. | : | |
| SECRETARY OF THE DEPARTMENT OF  HEALTH AND HUMAN SERVICES,: et al | : | |
| Defendants. | : | MEMORANDUM OF OPINION AND ORDER |

UNITED STATES DISTRICT JUDGE LESLEY WELLS

On 14 January 2005, Raymond Giesse ("Mr. Giesse") filed the above-captioned case against the Secretary of the Department of Health and Human Services, the Medicare Appeals Council, Kaiser Permanente Health Plan of Ohio, Maximus Center for Health Dispute Resolution, Jeannie Christensen ("Ms. Christensen"), and Ammaji Narra, M.D. (collectively, the "Defendants") raising procedural and substantive due process, federal constitutional tort, breach of contract, fraud, medical malpractice, and intentional and reckless infliction of emotional distress claims.  (Docket No. 4.)

On 9 March 2005, Kaiser Permanente Health Plan of Ohio ("Kaiser") filed a motion to dismiss.  (Docket No. 10.)  On 3 June 2005, Mr. Giesse filed a brief in opposition.  (Docket No. 24.)  On 8 July 2005, Kaiser filed a reply.  (Docket No. 27.)

On 24 May 2005, the Secretary of the Department of Health and Human Services (the "Secretary") filed a motion to dismiss.  (Docket No. 20.)  On 21 July 2005, Mr. Giesse filed a brief in opposition.  (Docket No. 29.)  On 4 August 2005, the

Secretary filed a reply. (Docket No. 31.)

On 1 August 2005, Mr. Giesse filed a motion to file a second amended complaint in order to raise a claim under the Federal Torts Claim Act ("FTCA"). (Docket No. 30.)[1] On 12 August 2005, the Secretary filed a brief in opposition on the ground that such a claim could not withstand a motion to dismiss for lack of subject matter jurisdiction and thus, the motion is futile. (Docket No. 32.) On 15 August 2005, Kaiser filed a brief in opposition arguing the same. (Docket No. 33.)

Thus, before the Court are two motions to dismiss and one motion to file a second amended complaint. All issues have been fully briefed and are ripe for adjudication. For the followings reasons, the motions to dismiss (Docket Nos. 10, 20) are granted and the motion to file a second amended complaint (Docket No. 30) is denied.

## FACTUAL BACKGROUND

Raymond Giesse is a 70-year old stroke victim and a resident of Cuyahoga County, Ohio. (Docket No. 4 "Compl." at ¶4.) He is a current enrollee under Medicare Parts A, B, and C with a Kaiser Medicare + Choice ("M+C") Plan and was formerly under the care of a skilled Kaiser nursing facility during the period of 16 July 2003 to 1 August 2003. Id.

Defendants include the Secretary of the Department of Health and Human Services and the Medicare Appeals Council. Id. at ¶5-6. Defendant Kaiser is a private Medicare Health Maintenance Organization that operates in the federal M+C Program

---

[1] On September 12, 2005, Mr. Giesse filed a motion to file a third amended complaint. (Docket No. 34.) However, on October 14, 2005, that motion was ordered withdrawn.

and is licensed to insure in Ohio.  Id. at ¶7.  Defendant Maximus Center for Health Dispute Resolution ("Maximus")  is a private entity contracted to reconsider denials of Medicare benefits.  Id. at ¶8.  Defendant Jeannie Christensen was the Director of the Aristocrat Berea Nursing Facility ("Aristocrat") where Mr. Giesse was cared for during the relevant period.  Id. at ¶9.  Finally, Defendant Ammaji Narra, M.D., belongs to the Kaiser Medical Group physicians and was Mr. Giesse's consulting physician.  Id. at ¶10.

On 20 June 2003, Mr. Giesse suffered a stroke.  Id. at ¶28.  He was initially treated at MetroHealth Medical Center, a Kaiser affiliate, where he was admitted for twenty-six (26) days.  Id. at ¶29.  His treating physician, Tandra Usharani, M.D., and the hospital review committee ordered that he undergo daily occupation therapy ("OT"), speech therapy ("ST"), and physical therapy ("PT") to rehabilitate the physical and mental skills debilitated as a result of his stroke.  Id. at ¶30.  After mild improvements, he suffered a setback due to a fall.  Id. at ¶31.  Upon his discharge, his treating physician and the hospital review committee recommended that he continue with his OT, ST, and PT at a skilled nursing facility ("SNF").  Id. at ¶32.

On 16 July 2003, Mr. Giesse was transferred to Aristocrat and began receiving daily skilled nursing care.  Id. at ¶33.  During this time, PT and ST therapists concluded that Mr. Giesse had "good rehabilitation potential," should receive aggressive daily therapy for thirty (30) days, should be able to recoup ninety-percent of his speech skills, and should be able to attain "first level activity" for a "safe return home."  Id. at ¶35.  Mr. Giesse's condition improved.  Id. at ¶38.

On 24 July 2003, Ms. Christensen notified Mr. Giesse's son that his daily SNF benefits would be terminated on or about 31 July 2003 and that Mr. Giesse would

receive a three-day written notice.  Id. at ¶39.  According to Mr. Giesse's son, Ms. Christensen stated that Mr. Giesse's progress had "plateaud" and thus, would not improve.  Id. at ¶40.  On 28 July 2003, she orally notified Mr. Giesse that he was going to be transferred to another facility.  Id. at ¶42.  However, he refused to sign the discharge papers until his son had a chance to review them.  Id.

On 31 July 2003, Mr. Giesse's son, as his father's legal representative, received undated discharge papers that served as Kaiser's initial denial of SNF benefits.  Id. at ¶43.  On 1 August 2003, Dr. Narra completed the necessary paperwork indicating that Mr. Giesse satisfied the eligibility criteria under Medicare Part B for homebound care with intermittent care on an outpatient basis.  Id. at ¶49.  On the same day, Mr. Giesse moved to Brookside Estates, an assisted living facility located in Cuyahoga County, Ohio.  Id. at ¶50.  To finance the move, he sold his home at a selling price far below the fair market value.  Id. at ¶52.  He continued to improve with outpatient care until he suffered another fall.  Id. at ¶51.

On 29 September 2003, Mr. Giesse filed a request for reconsideration with Kaiser.  Id. at ¶55.  On 16 October 2003, his legal representative was notified that his request was denied and subsequently referred to Maximus for an external review.  Id. at ¶56.  On 17 November 2003, Maximus dismissed Mr. Giesse's case on the ground that it constituted a mere grievance as opposed to a valid appeal for medical coverage.  Id. at ¶57.

On 16 January 2004, Mr. Giesse filed a request for an administrative hearing before an administrative law judge ("ALJ").  Id. at ¶59.  On 22 March 2004, the ALJ dismissed the case on jurisdictional grounds because no valid request for

reconsideration was filed with Kaiser. Id. at ¶60. On 26 May 2004, Mr. Giesse appealed to the Medicare Appeals Council. Id. at ¶62. On 25 October 2004, his appeal was denied. Id. at ¶63.

On 14 January 2005, Mr. Giesse filed an amended complaint raising procedural and substantive due process, federal constitutional tort, breach of contract, fraud, medical malpractice, and intentional and reckless infliction of emotional distress claims. He now seeks review of the ALJ's final decision, monetary damages in the amount of $42,630, compensatory damages in the amount of $1,000,000, consequential damages in the amount of $883,237.76, punitive damages in the amount of $3,000,000, and other costs and fees. Id. at 43-44. In the alternative, he is seeking reversal of the ALJ's final decision with a remand for an administrative hearing. Id. at 44. The Secretary and Kaiser maintain the Court lacks subject matter jurisdiction and the complaint fails to state a claim upon which relief can be granted.

On 1 August 2005, Mr. Giesse filed a motion to file a second amended complaint to raise an FTCA claim. The Secretary and Kaiser respond that the motion should be dismissed as futile because the Court would lack subject matter jurisdiction over any such claim.

## STANDARDS OF REVIEW

**A.    Motion to Dismiss: Subject Matter Jurisdiction**

Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. Fed. R. Civ. P. 12(b)(1); United States v. Ritchie, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack challenges the pleading itself. On such an attack, the Court must take all material allegations in the

complaint as true, and construe them in the light most favorable to the nonmoving party. Id. (Citing Scheuer v. Rhodes, 416 U.S. 232, 235-37 (1974)).  A factual attack is a challenge to the factual existence of subject matter jurisdiction.  "On such a motion, no presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."  Id. (Internal citations omitted).  In reviewing such motions, a district court has wide discretion to allow affidavits, documents, and even conduct a limited evidentiary hearing if necessary.  Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990). The district court's factual findings, however, do not bind the Court in future proceedings, and "[t]he res judicata effect of a 12(b)(1) motion is . . . limited to the jurisdictional issue."  Id.

### B. Motion to Dismiss: Failure to State a Claim Upon Which Relief Can Be Granted

In deciding a motion to dismiss under Rule 12(b)(6), the allegations are taken as true and viewed in the light most favorable to the non-movant.  A claim will not be dismissed "unless it appears beyond a reasonable doubt that the [non-movant] can prove no set of facts to support his claim which would entitle him to relief."  Hiser v. City of Bowling Green, 42 F.3d 382, 383 (6th Cir. 1994); see also Dana Corp. v. Blue Cross & Blue Shield Mutual of Northern Ohio, 900 F.2d 882, 885 (6th Cir. 1990).

The claim need only give fair notice as to the claim and the grounds upon which it rests.  In re DeLorean Motor Co., 991 F.2d 1236, 1240 (6th Cir. 1993).  Conclusory allegations however, are not sufficient to state a claim.  Rather, a claim must set forth specific facts, which, if proved, would warrant the relief sought.  Sisk v. Levings, 868

F.2d 159, 161 (5th Cir. 1989).  In addition, a court is not bound to accept as true a legal conclusion couched as a factual allegation.  Papasan v. Allain, 478 U.S. 265, 286 (1986); Montgomery v. Huntington Bank, 346 F.3d 693, 697 (6th Cir. 2003).  A court likewise need not accept unwarranted factual inferences.  Montgomery, 346 F.3d at 697 (citing Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987)).

### C. Motion to File an Amended Complaint

Rule 15(a) of the Federal Rule of Civil Procedure states in pertinent part:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served ... . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall by freely given when justice so requires.

In interpreting Rule 15(a), the Supreme Court has instructed:

> In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. - the leave sought should, as the rules required, be "freely given."

Forman v. Davis, 371 U.S. 178, 182 (1962).  It is well-settled that a district court may deny a motion for leave to file an amended complaint if the amended complaint could not withstand a motion to dismiss.  Neighborhood Dev. Corp. v. Advisory Council on Historical Preservation, 632 F.2d 21, 23 (6th Cir. 1980); Matthews v. Jones, 35 F.3d 1046, 1050 (6th Cir. 1994).

### LEGAL ANALYSIS

### A. Federal Claims

Mr. Giesse alleges that his post-hospital SNF benefits were wrongfully terminated in violation of the Fifth Amendment's Procedural and Substantive Due

Process Clauses. He also raises a Fifth Amendment Takings claim and Fifth and Ninth Amendment Bivens claims seeking to redress the same. The Secretary and Kaiser maintain that the Court lacks subject matter jurisdiction over such claims.

Section 405(h) of the Medicare Act, as incorporated by 42 U.S.C. § 1395ii, provides:

> The findings and decisions of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of title 28, United States Code, to recover on any claim arising under this title.

42 U.S.C. § 405(h). Thus, the plain language of § 405(h) precludes the federal courts from entertaining independent claims so long as they arise under the Medicare Act. See Livingston Care Center, Inc. v. United States, 934 F.2d 719, 721 (6th Cir. 1991). Instead, § 405(h) channels most, if not all, claims arising under the Medicare Act, through its special review process. See Shalala v. Ill. Council on Long Term Care, 529 U.S. 1, 8 (2000). A claim "arises under" the Medicare Act if it provides both the "standing and the substantive basis" for the claim. Livingston, 934 F.2d at 722 (quoting Weinberger v. Salfi, 422 U.S. 749, 760-61 (1975)).

Here, all of Mr. Giesse's federal claims, including his alleged statutory entitlement-takings claim,[2] seek to redress the allegation that his post-hospital SNF

---

[2] The Court notes that Mr. Giesse was not legally entitled to 100 days of SNF care. First, the Sixth Circuit has held that Medicare "does not directly provide any entitlement to the medical services themselves." Himmler v. Califano, 611 F.2d 137, 145 (6th Cir. 1979). Second, although Medicare pays up to 100 days of post-hospital SNF benefits, federal regulations require re-certification within 14 days of post-hospital SNF care and every 30 days thereafter to determine if it is still medically necessary. See 42 C.F.R. § 424.20.

benefits were wrongfully terminated.  The standing and substantive basis for these claims however, clearly arise under the Medicare Act.  Indeed, the Supreme Court has specifically stated that when a Medicare benefit is denied and an individual challenges the lawfulness of that denial, § 405(h) plainly bars review, "irrespective of whether the individual challenges the agency's denial on evidentiary, rule-related, statutory, constitutional, or other legal grounds."  Shalala, 529 U.S. at 10.  Accordingly, the Court lacks federal question jurisdiction over these claims.  Id. at 5; Livingston, 934 F.2d at 721-22.

Mr. Giesse responds with several arguments.  First, he maintains that 42 U.S.C. § 1395w-22(j)(5), the M+C anti-indemnification provision, expressly grants federal question jurisdiction over claims arising under the Medicare Act.  The Court disagrees.  Section 1395w-22(j)(5) prohibits a M+C organization from "provid[ing] for a health care professional, provider of services, or other entity providing health care services to indemnify the organization against any liability resulting from a civil action brought for any damage caused to an enrollee with a M+C plan of the organization under this part by the organization's denial of medically necessary care."  See 42 U.S.C. § 1395w-22(j)(5).  However, the Court does not read this anti-indemnification provision as a grant of federal question jurisdiction over all claims arising under the Medicare Act.  To do so, as Mr. Giesse suggests, would allow plaintiffs to universally bypass the Act's administrative process, render the entire framework embodied in 42 U.S.C. § 1395w-22(g) and 42 U.S.C. § 405(h) meaningless, and countermand a line of Supreme Court

---

Thus, even if his takings claim was collateral to his claim for benefits, it lacks merit because Mr. Giesse was not legally entitled to receive the full 100 days of SNF care.

-9-

precedent.  The Court concludes the plain text of 42 U.S.C. § 1395w-22(j)(5) does not compel such an interpretation and notes no court has so held.

Second, Mr. Giesse maintains his Fifth Amendment due process claims constitute "wholly collateral," "entirely collateral," or substantially collateral claims that do not arise under the Medicare Act.  Mr. Giesse is correct that Fifth Amendment due process claims that challenge the constitutionality of a statutory provision or the validity of a regulation do not arise under the Medicare Act.  See e.g. 42 C.F.R. § 405.718 (authorizing claimants to bypass the administrative exhaustion requirement and invoke federal question jurisdiction over wholly collateral constitutional claims after an ALJ certifies, inter alia, that the sole issue in dispute concerns the constitutionality of a provision or the validity of a regulation).  However, Mr. Giesse is not challenging the constitutionality of a statutory provision, nor is he challenging the validity of a regulation.  Instead, he is challenging the substantive decision to terminate his post-hospital SNF benefits.  Section 405(h) clearly bars federal question jurisdiction under such circumstances.  See Shalala, 529 U.S. at 10.

Mr. Giesse's reliance upon Fox v. Bowen, 656 F. Supp. 1236 (D. Conn. 1986) for federal question jurisdiction is unavailing.  In Fox, the plaintiffs filed a class action challenging the practices and procedures used to deny Medicare coverage for certain categories of physical therapy provided by skilled nursing facilities.  Id. at 1238.  The court held that the plaintiffs' due process claims were substantially collateral to their claims for benefits because "the [plaintiff] class . . . complains fundamentally of a procedural irregularity and not of the Secretary's substantive standards of eligibility."  Id. at 1244.  Thus, the court concluded, federal question jurisdiction existed.  Id. at 1245.

-10-

Fox, however, provides no parallel to the matter at hand. Mr. Giesse does not challenge a procedural irregularity such as the policy of presumed non-liability at play in Fox, rather, he is challenges a substantive decision to deny SNF benefits. Again, such challenges clearly arise under the Medicare Act and federal question jurisdiction is precluded. See Shalala, 529 U.S. at 10.[3]

Third, Mr. Giesse argues that because the Secretary denied him his legal right to the 72-hour expedited review process before wrongfully terminating his daily SNF benefits, his procedural due process claim is entirely collateral to his claim for benefits and thus, does not arise under the Medicare Act. The Court disagrees. Mr. Giesse is not challenging the expedited review process embodied in 42 U.S.C. § 1395w-22(j)(3) itself; he is alleging that the procedure was not followed in his case. Thus, his claim clearly arises under the Medicare Act.[4] However, even if this claim was collateral to his claim for benefits, Mr. Giesse has not established that the expedited review process was ever initiated in his case. Federal regulations require that only enrollees and physicians can request expedited review. See 42 C.F.R. § 422.584(a). Here, neither Mr. Giesse nor his physician requested such review. Mr. Giesse responds that his son, who has power of attorney over Mr. Giesse, implicitly requested expedited review when he orally protested the decision to terminate his father's SNF care. Notwithstanding the

---

[3] Matthews v. Eldridge, 424 U.S. 319 (1976) is equally inapposite because the plaintiff in that case challenged the *procedure* of denying disability benefits without a pre-deprivation hearing. Id. at 331-32. Here, Mr. Giesse is not challenging any part of Medicare's administrative procedure; he is merely challenging a substantive decision to deny benefits.

[4] Likewise, his allegation that his administrative claim was mislabeled a grievance does not challenge the *procedure* of denying administrative hearings for grievances; it simply challenges the decision to label his claim a grievance.

fact that federal regulations require that only enrollees and physicians can request such review, mere challenges to the termination of benefits, standing alone, do not constitute an actual request for expedited review.  See 42 C.F.R. § 422.584(b) (indicating that an enrollee or physician must submit an oral or written request directly to the HMO for an expedited reconsideration).  Thus, Mr. Giesse's claim that he was denied his legal right to expedited review lacks merit.

Mr. Giesse next attempts to bypass Medicare's administrative review process by invoking Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).  The Sixth Circuit has yet to address the issue of whether Bivens provides for an implied right of action in the Medicare context.  In Bivens, the Supreme Court held that "a federal agent acting under color of his authority gives rise to a cause of action for damages consequent upon his unconstitutional conduct."  403 U.S. at 389.  However, the Supreme Court has cautioned against extending Bivens into new contexts.  See e.g. Schweiker v. Chilicky, 487 U.S. 412, 421 (1988).  Indeed, in Chilicky, the Supreme Court specifically refused to extend Bivens into the Social Security context on the ground that Congress had provided "meaningful safeguards or remedies for the rights of persons" who were denied social security benefits.  Id. at 425.  Moreover, the Supreme Court reasoned, the prospect of personal liability for official acts in the Social Security context "would undoubtedly lead to new difficulties and expense in recruiting administrators for the programs Congress has established."  Id.

Following Chilicky, the Fifth Circuit in Marsaw v. Thompson, 133 Fed. Appx. 946 (18 May 2005) recently held that it "will not imply a Bivens remedy for an alleged constitutional violation in the denial of Medicare Act reimbursements, because Congress

created a comprehensive statutory administrative review mechanism, which was intended fully to address the problems created by wrongful denial of Medicare reimbursements." 133 Fed. Appx. at 948. In light of Chilicky, the Court agrees with this reasoning and analysis.

Because all of his federal claims arise under the Medicare Act and thus, are precluded by § 405(h) and because Bivens does not provide an implied right of action in the Medicare context, the Court lacks federal question jurisdiction over Mr. Giesse's federal claims. Accordingly, he must first exhaust his administrative remedies. See Shalala, 529 U.S. at 5.

### B. Administrative Claim

The Medicare Act provides for an extensive administrative review process for enrollees who challenge M+C organization decisions. Specifically, the Act requires that such organizations adopt procedures for making determinations and reconsiderations concerning M+C health services and contract with independent, outside entities to review reconsiderations that affirm a denial of coverage. See 42 U.S.C. §§ 1395w-22(g)(1)(A), 1395w-22g(2), and 1395w-22(g)(4); 42 C.F.R. §§ 422.578, 422.564(d)(2), and 422.584. Determinations that deny coverage must be in writing. Id. at § 1395w-22(g)(1)(B). Enrollees may also, either orally or in writing, seek an expedited determination. Id. at § 1395w-22(g)(3); 42 C.F.R. § 422.590(d).

Thereafter, aggrieved parties are entitled to a hearing before an administrative law judge ("ALJ") if the amount in controversy is $100 or more. Id. at § 1395w-22(g)(5); 42 C.F.R. § 422.600(a). If the enrollee is dissatisfied with the ALJ's decision, he or she may request that the Medicare Appeals Council ("MAC") review the decision. 42 C.F.R.

§ 422.608.  Finally, he or she may seek judicial review of the MAC's final decision (or if the MAC declines review) if the amount in controversy is $1,000 or more.  See 42 U.S.C. § 1395w-22(g)(5); 42 C.F.R. § 422.612.

The Secretary has adopted an administrative review process that distinguishes between "grievances" and challenges to an "organization determination."  See 42 C.F.R. § 422.560 et seq.  An "organization determination" is:

> [A]ny determination made by an MA organization with respect to any of the following:
>
> > (1) Payment for temporarily out of the area renal dialysis services, emergency services, post-stabilization care, or urgently needed services.
> > (2) Payment for any other health services furnished by a provider other than the MA organization that the enrollee believes --
> > > (i) Are covered under Medicare; or
> > > (ii) If not covered under Medicare, should have been furnished, arranged for, or reimbursed by the MA organization.
> > (3) The MA organization's refusal to provide or pay for services, in whole or in part, including the type or level of services, that the enrollee believes should be furnished or arranged for by the MA organization.
> > (4) Discontinuation or reduction of a service if the enrollee believes that continuation of the services is medically necessary.
> > (5) Failure of the MA organization to approve, furnish, arrange for, or provide payment for health care services in a timely manner, or to provide the enrollee with timely notice of an adverse determination, such that a delay would adversely affect the health of the enrollee.

42 C.F.R. § 422.566(b).  A "grievance" is "any complaint or dispute, other than one that constitutes an organization determination, expressing dissatisfaction with any aspect of an MA organization's or provider's operations, activities, or behavior, regardless of whether remedial action is requested."  See 42 C.F.R. § 422.561.  Challenges to

organization determinations fall within the purview of the administrative review process. Grievance procedures however, are separate and distinct from the appeal process and may be delegated to an intermediary such as an M+C organization.  See 42 C.F.R. §§ 422.562(b)(1); 422.564(b); Rencare, Ltd. v. Humana Health Plan of Tex., Inc., 395 F.3d 555, 559 (5th Cir. 2004).

On 1 August 2003, Mr. Giesse's skilled nursing benefits were terminated.  On 29 September 2003, he filed a request for reconsideration. On 16 October 2003, his request was denied and referred to Maximus for an external review.  On 17 November 2003, Maximus denied his request on the ground that it constituted a mere grievance as opposed to a valid appeal for medical coverage and thus, was not a valid request for reconsideration.  On 16 January 2004, the ALJ denied his appeal on jurisdictional grounds because no valid request for reconsideration was filed with Kaiser.  On 22 March 2004, the MAC denied his appeal but referred the matter to the Centers for Medicare & Medicaid Services ("CMS") to determine whether Mr. Giesse's request for reconsideration was appropriately deemed a grievance.[5]

The Secretary argues that Mr. Giesse's request for reconsideration was appropriately deemed a grievance because he did not ask to be returned to the skilled nursing facility, nor did he request payment for services rendered.  The Court agrees. The appropriate relief for challenging the discontinuation or reduction of a service that

---

[5] The Court is surprised that no party brought to its attention that on 8 December 2004, the CMS questioned why Mr. Giesse's request for reconsideration was deemed a grievance: "we question why [Maximus] did not make a determination on the appropriateness of [Kaiser]'s decision to terminate coverage of the daily inpatient SNF benefits as of 8/1/2003.  This seems to be the exact kind of SNF termination issue that [Maximus] frequently used to review."  (Docket No. 21, at 1.).

-15-

the enrollee believes is medically necessary is reinstatement of that very service.  See 42 C.F.R. § 422.618 (recognizing that the relief available for a request for reconsideration is either reinstatement of the service or payment for services rendered); see also 68 Fed. Reg. § 16652, 16662 (explaining that the definition of "organization determination" was changed to include the reduction or refusal to pay for services "if the enrollee believes that services should be furnished or arranged").  Mr. Giesse readily admits that he did not seek to have his SNF benefits reinstated.  He argues however, that such relief would have been futile because stroke victims only have a six-month window during which they are best able to recoup their diminished skills.

It may be, that after dealing with the initial trauma of having their benefits cut off, some patients discontinue their physical therapy prematurely so as to not exhaust their financial resources and thus, never achieve a complete recovery because medically necessary physical therapy was discontinued within weeks of the initial injury.  See e.g. Fox, 656 F. Supp. at 1240-44.  Mr. Giesse's request for reconsideration was filed three months after his stroke while he was still receiving intermittent care.   More importantly, Medicare's expedited review process is specifically designed to deal with such situations where the denial of benefits could seriously jeopardize an enrollee's health.  Unfortunately, that process was never requested in this case.

Having not sought the reinstatement of services or payment for services rendered, Mr. Giesse's request for reconsideration was appropriately deemed a grievance as opposed to a valid appeal for medical coverage.  Because the ALJ accordingly dismissed Mr. Giesse's case on jurisdictional grounds without a hearing and the MAC denied his request for review, the Court likewise lacks jurisdiction to hear this

-16-

administrative claim under § 405(g).  See Califano v. Sanders, 430 U.S. 99, 108 (1977); Hilmes v. Secretary of Health & Human Servs., 983 F.2d 67 (6th Cir. 1993).  Moreover, because Mr. Giesse does not have any remaining financial liability for services rendered, any determination relating to those services is not subject to appeal.  42 C.F.R. § 422.562(c)(2).

### C.  FTCA Claim

Mr. Giesse seeks leave to file a second amended complaint in order to raise an FTCA claim.  However, the Sixth Circuit has specifically held the plain language of § 405(h) also applies to FTCA claims.  Livingston, 934 F.2d at 721.  Because Mr. Giesse's proposed FTCA claim seeks to redress the alleged wrongful termination of SNF benefits, it clearly arises under the Medicare Act and is precluded by § 405(h).  Thus, the Court would lack federal question jurisdiction over any such claim.  Shalala, 529 U.S. at 5; Livingston, 934 F.2d at 721-22.  Because the Court would lack federal question jurisdiction and Mr. Giesse has not otherwise exhausted his administrative remedies, his motion to file a second amended complaint is futile and will be dismissed accordingly.  See Matthews, 35 F.3d at 1050.  Moreover, the Sixth Circuit has stated that federal agencies cannot be sued under the FTCA.  See Chomic v. United States, 377 F.3d 607, 608 (6th Cir. 2004).  Instead, the only proper defendant in an FTCA suit is the United States and Mr. Giesse does not seek to add the United States as a party in his second amended complaint.  See Allgeier v. United States, 909 F.2d 869, 871 (6th Cir. 1990).

### D.  State Claims

Because the Court lacks subject matter jurisdiction over all federal and

administrative claims, it declines to exercise supplemental jurisdiction over Mr. Giesse's state claims. See 28 U.S.C. § 1367(c)(3); Saglioccolo v. Eagle Ins. Co., 112 F.3d 226, 233 (6th Cir. 1997). Thus, the Court need not address whether his state claims are preempted by the Medicare Act.

## CONCLUSION

For the foregoing reasons, the Secretary and Kaiser's motions to dismiss (Docket Nos. 10, 20) are granted and Mr. Giesse's motion to file an amended complaint (Docket No. 30) is denied. This case is hereby dismissed as against all Defendants,[6] without prejudice, for lack of subject matter jurisdiction.

IT IS SO ORDERED.

                                                /s/Lesley Wells
                                    UNITED STATES DISTRICT JUDGE

Dated: 27 September 2006

---

[6] Although only the Secretary and Kaiser filed motions to dismiss, the Court has an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge by a party. Arbaugh v. Y & H Corp., 126 S. Ct. 1235, 1244 (2006) (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999)); Ohio v. Doe, 433 F.3d 502, 506 (6th Cir. 2006). Thus, having concluded that the Court lacks subject matter jurisdiction over all of Mr. Giesse's claims, this case is dismissed as against all Defendants.

-18-